**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARY A. SOMRAK,

    Plaintiff - Appellant,

v.

KROGER CO.,

    Defendant - Appellee.

No. 19-3106
(D.C. No. 2:17-CV-02480-CM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

This suit grew out of a slip and fall in a Dillon's grocery store.

Rather than sue the entity that leased the grocery store (Dillon Companies,

Inc.), however, Ms. Mary Somrak sued that entity's parent company

(Kroger Co.). Kroger sought summary judgment, arguing that it had not

---

[*]     The parties do not request oral argument, and it would not materially help us to decide this appeal. We have thus decided the appeal based on the briefs. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

owed a duty to Ms. Somrak. The district court agreed and granted summary judgment to Kroger. We affirm.

In addressing this grant of summary judgment, we engage in de novo review, applying the same standard that governed in district court. *Matter Utah v. Njord*, 774 F.3d 1258, 1262 (10th Cir. 2014). Under that standard, we view the evidence and reasonable inferences in the light most favorable to Ms. Somrak and determine whether a reasonable factfinder could find in her favor. *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1224 (10th Cir. 2014). Viewing the evidence and inferences in this light, we apply Kansas law, which requires Ms. Somrak to present enough evidence for a factfinder to reasonably infer that Kroger had owed her a duty. *Burton v. R.J. Reynolds Tobacco Co.*, 397 F.3d 906, 916 (10th Cir. 2005).

Ms. Somrak concedes that parent companies ordinarily incur no duty for a subsidiary's negligence. Despite this concession, she argues that Kroger could incur liability because it undertook operation of the grocery store and employed the individuals working there.

Ms. Somrak bases this argument on § 324A of the Second Restatement of Torts, which has been adopted in Kansas. *Grice v. CVR Energy, Inc.*, 921 F.3d 966, 970 (10th Cir. 2019). Section 324A creates liability for an entity that undertakes another entity's duty to third persons and negligently causes physical harm. Restatement (Second) of Torts § 324A.

2

To trigger § 324A, Ms. Somrak must show that Kroger affirmatively and intentionally undertook operation of the store. *See Grice*, 921 F.3d at 970-71; *see also Gooch v. Bethel A.M.E. Church*, 792 P.2d 993, 998 (Kan. 1990) ("The threshold requirement for the application of § 324A is that the defendant must undertake, gratuitously or for consideration, to render services to another."). But this undertaking must extend beyond "ordinary parental oversight in managing the business and operations of its subsidiaries." *Grice*, 921 F.3d at 973.

Kroger urged summary judgment on the ground that it had provided only ordinary parental oversight of its subsidiary. In support, Kroger presented evidence that it had a separate existence from Dillon, that Dillon had conducted the day-to-day operations of the store, that Dillon bore responsibility for hiring and firing employees, and that the employee allegedly responsible for the fall (Brenda Willey) had considered Dillon to be her employer.

In response, Ms. Somrak pointed to (1) a 2007 judicial admission by Kroger that it does business in Kansas as Dillon's stores, (2) Ms. Willey's employment forms, which designated her employer as Kroger, (3) Kroger policies and forms used at the grocery store, and (4) contact from an insurer for Kroger after Ms. Somrak's fall. But these pieces of evidence, even viewed favorably to Ms. Somrak, do not create a reasonable inference

3

that Kroger undertook operation of the grocery store. *See Grice*, 921 F.3d at 973; *Gooch*, 792 P.2d at 1001.

Nor does this evidence suggest that Ms. Willey was an employee of Kroger. Kansas appellate courts have not yet addressed how to identify whether an entity or its parent company is an employer. But these courts have addressed whether an individual is an employee or independent contractor in cases involving the Kansas Wage Payment Act. In these cases, Kansas courts have applied twenty factors, addressing whether the entity has a right to control the individual and the economic realities of the employment relationship. *Craig v. FedEx Ground Package Sys., Inc.,* 335 P.3d 66, 74-76 (Kan. 2014) (per curiam). These factors include "the employer's right to require compliance with instructions," "the extent of any training provided by the employer," "the degree of integration of the worker's services into the business of the employer," "the existence of a continuing relationship between the worker and the employer," "the employer's establishment of set work hours," "the degree to which the work is performed on the employer's premises," "the degree to which the employer sets the order and sequence of work," and "whether the employer has the right to discharge the worker." *Id.* at 76.

The parties presented little evidence on these factors. Kroger presented evidence identifying Dillon as the entity handling employment decisions for individuals working at the store. In response, Ms. Somrak

4

pointed to employment forms identifying Ms. Willey's employer as Kroger. But these forms do not reasonably suggest that Kroger exercised control over Ms. Willey's work in the grocery store.[1] And Ms. Somrak has not identified any other evidence relating to the twenty factors bearing on status as an employee. Ms. Somrak thus failed to create a genuine dispute of material fact on Kroger's right to control Ms. Willey's work and the economic realities of her employment.

Because no reasonable factfinder could conclude that Kroger owed a duty to Ms. Somrak, we affirm the award of summary judgment to Kroger.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1]     Ms. Somrak contends that the "primary factor" is the entity's "control" over the individual's performance. Appellant's Opening Br. at 10.